1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7

8    JOHN ZISK,                                Case No.  14-cv-00391-YGR

                    Plaintiff,
9                                              ORDER DENYING MOTION TO DISMISS
          v.                                   SECOND CAUSE OF ACTION
10
                                               Re: Dkt. No. 19
11   GANNETT COMPANY INCOME PROTECTION
     PLAN, et al.,
12
                    Defendants.
13

14          Plaintiff John Zisk ("Zisk") filed suit bringing two causes of action under the Employee

15   Retirement Income Security Act of 1974, as amended ("ERISA" or "the Act"), 29 U.S.C. § 1001

16   et seq.  The first cause of action seeks to recover long-term disability ("LTD") benefits from the

17   Gannett Company Income Protection Plan ("the Plan") pursuant to section 1132(a)(1)(B).  The

18   second cause of action is brought pursuant section 1132(a)(3) against Defendant Life Insurance

19   Company of North America ("LINA") as the fiduciary that administers claims against the Plan.  In

20   this cause of action Zisk seeks to recover equitable relief in the form of an equitable surcharge on

21   account of LINA's alleged breach of fiduciary duty and mishandling of his claim.  With respect to

22   this second cause of action, LINA has filed a Motion to Dismiss on the grounds that such a claim

23   is not actionable against it and that the remedy Zisk seeks is unavailable as a matter of law.

24          Having carefully considered the papers submitted and the pleadings in this action, as well

25   as the oral arguments of the parties at the October 14, 2014 hearing, and for the reasons set forth

26   below, the Court finds that the plaintiff is not precluded from asserting his claim at this juncture

27   and DENIES the Motion to Dismiss.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    **I.**      **SUMMARY OF ALLEGATIONS**

2          What follows is a summary of the allegations of Zisk's First Amended Complaint

3    ("FAC"), which the Court accepts as true for purposes of this motion to dismiss. *See Diaz v.*

4    *International Longshoremen's and Warehousemen's Union*, 474 F.3d 1202, 1205 (9th Cir. 2007).

5    The FAC alleges that Zisk was an employee of Gannett Company and participated in the Plan.

6    (FAC ¶ 2.)  Zisk suffers from symptoms of metastatic cancer and the treatment he has undergone

7    for that condition.  The condition rendered him disabled and eligible for LTD benefits according to

8    the terms of the Plan. (FAC ¶ 3.)

9          Zisk alleges that when he claimed disability in May 2000, the Plan approved his claim and

10   began paying him LTD benefits. (FAC ¶¶ 4, 5.)  In July 2012, LINA, acting as claim fiduciary,

11   terminated Zisk's benefits on the stated ground that LINA had not been provided with updated

12   medical records.  LINA advised Zisk that his continued satisfaction of the Plan's definition of

13   disability could not be established and that benefits would be terminated.  (FAC ¶ 5.)  Zisk alleges

14   that in fact LINA did have the information necessary to establish his disability, but nevertheless

15   withheld benefits.  (FAC ¶¶ 5-8.)  Zisk appealed the termination of benefits on March 13, 2013,

16   pointing out that LINA had the information it needed to contact his providers for additional

17   medical information.  (FAC ¶ 9.)  On June 14, 2013, LINA advised Zisk its attempts to secure

18   updated medical information from his providers had been unsuccessful.  Zisk alleges he

19   subsequently sent LINA updated medical records himself, but his benefits were still not reinstated.

20   (FAC ¶¶ 11, 12.)

21         On June 13, 2014, Zisk filed the instant action.  In his claim for breach of fiduciary duty

22   against LINA, Zisk alleges that LINA breached its fiduciary duties by: (1) providing misleading

23   information about the status of his claim and its attempts to secure information from his medical

24   providers; and (2) failing to investigate, fully and adequately, the facts and circumstances

25   surrounding its determination to terminate his benefits, including the information already in its

26   possession.  As a consequence of the alleged breaches, Zisk seeks "other appropriate equitable

27   relief" under 29 U.S.C. section 1132(a)(3) in the form an equitable surcharge to make him whole

28   for his losses occasioned by that breach.  More particularly, Zisk alleges that he seeks, as an

2

1    equitable surcharge remedy: (i) attorneys' fees incurred in connection with the administrative

2    appeal; (ii) penalties and interest that plaintiff incurred when he used his retirement account funds

3    in lieu of disability benefits; (iii) losses incurred from the sale of assets as a source of funds; (iv)

4    losses incurred when plaintiff's home was burglarized because plaintiff could not afford to

5    maintain alarm and security services for his home because of the termination of his benefits; and

6    (v) such other and further relief as the Court may deem proper.  (FAC ¶ 20.)

7    **II.    ANALYSIS**

8         LINA challenges the second claim for relief under Section 1132(a)(3) on several grounds.

9    The Court considers each in turn.

10        **A.    Individual Action for Breach of Fiduciary Duty Under Section 1132(a)(3)**

11        First, LINA argues that under Ninth Circuit authority a breach of fiduciary duty action

12   premised upon the alleged mishandling of a claim for benefits is not cognizable, relying

13   principally on *Ford v. MCI Comm. Corp. Health & Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005).

14   Under a closer reading, however, the Court finds that proffered authorities do not preclude such a

15   claim as a matter of law.

16        The main thrust of the *Ford* court's decision was that no claim could be stated against a

17   ***claim*** administrator for breach of fiduciary duty, but instead a claim could only be made against a

18   plan administrator or the plan itself.  This holding was expressly overruled by the Ninth Circuit in

19   *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011).  Also, the portion of the

20   *Ford* opinion cited by LINA analyzed the viability of an individual mishandling claim under 29

21   U.S.C. section 1132(a)***(2)***, which is not at issue in this action.  *Ford,* 399 F.3d at 1082.[1]

22        By contrast, Supreme Court and Ninth Circuit authorities have both authorized a claim

23   under section 1132(a)***(3)*** for a fiduciary's improper handling of an individual benefit claim in

24   violation of its fiduciary duties.  *See Varity Corp. v Howe,* 516 U.S. 489, 510-11 (1996)

25   ("subsection (3)…[is] broad enough to cover individual relief for breach of a fiduciary obligation"

26

27        [1]  With respect to a claim under 1132(a)(2), the *Ford* court rejected relief because section
28   1132(a)(2) only authorizes relief for violations of section 1109, a portion of the Act concerning the
     relationship between the fiduciary and the employee benefit plan *as a whole*.  *Id.*

United States District Court
Northern District of California

1  including determination of entitlement to benefits); *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1075 (9th

2  Cir. 2009) ("[u]nlike 29 U.S.C. § 1132(a)(2), which requires that relief sought must be on behalf

3  of the entire plan, the Supreme Court has held that a participant or beneficiary has standing

4  pursuant to section 1132(a)(3) to seek individual recovery in the form of "appropriate equitable

5  relief," citing *Varity*); *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1075 (9th Cir. 2005)

6  ("[i]ndividual substantive relief under ERISA is available where an employer actively and

7  deliberately misleads its employees to their detriment"); *see also CIGNA Corp. v. Amara*,

8  __U.S.__, 131 S. Ct. 1866, 1881–82 (2011), ("[t]o obtain relief by surcharge for violations of §§

9  102(a) and 104(b) [under section 1132(a)(3)], a plan participant or beneficiary must show that the

10  violation injured *him or her*") (emphasis supplied).  In *Varity*, the Supreme Court held the

11  individual claimants, though foreclosed from seeking individual remedies under section

12  1132(a)*(2)*, and unable to show they had benefits due them under section 1132(a)*(1)(B)*, could

13  nevertheless proceed under 1132(a)*(3)* for other appropriate, individual equitable relief.  *Id.* at

14  515.[2]  In so holding, *Varity* rejected the idea that section 1132(a)(3) remedies were only to benefit

15  the plan, not individuals.

16         In sum, the Court's review of the controlling authorities here does not support dismissal as

17  a matter of law of a claim under section 1132(a)(3) for individual relief on account of a breach of

18  fiduciary duties by a claims administrator such as LINA.

19         **B.       Consistency of Claims for Relief Under Both Section 1132(a)(1)(B)
                       and Section 1132(a)(3)**

20

21         LINA next contends that Zisk has an adequate remedy under section 1132(a)(1)(B),

22  rendering "other equitable relief" under section 1132(a)(3) unavailable as a matter of law.  A claim

23  for relief under section (a)(1)(B) does not automatically preclude a claim under section (a)(3),

24  particularly at the pleading stage.  Courts of this district have found that (a)(3) claims remain

25  viable even when an (a)(1)(B) claim is asserted, particularly where the relief sought in connection

26

27         [2]  Consequently, LINA's citations to *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148
   (1985) and *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986) as limiting relief under section

28  1132(a)(3) to relief inuring to the benefit of the plan only are both unavailing.

4

United States District Court
Northern District of California

with each claim is distinct.  *Cf. Sconiers v. First Unum Life Ins. Co.,* 830 F.Supp.2d 772, 777 (N.D.Cal. 2011) (WHA) (section 1132(a)(3) claim for reformation and section 1132(a)(1)(B) claim for benefits could both proceed because equitable relief was based on a separate theory, affirmative misrepresentations about plaintiff's claim); *Echague v. Metro. Life Ins. Co.*, 12-CV-00640-WHO, 2014 WL 2089331 at *12 (N.D. Cal. May 19, 2014) (claim under section 1132(a)(3) is not foreclosed by claim under 1132(a)(1)(B), though relief sought was similar).  *Caplan v. CNA Short Term Disability Plan*, 479 F. Supp. 2d 1108, 1113 (N.D. Cal. 2007) (dismissing section 1132(a)(3) claim to the extent duplicative, but denying dismissal insofar as other equitable relief might not be available under 1132(a)(1)(B)); *Brady v. United of Omaha Life Ins. Co.,* 902 F.Supp.2d 1274, 1279–1285 (N.D.Cal.2012) (granting motion to dismiss Section 1132(a)(3) claims seeking equitable relief  duplicative of forms of relief available under plaintiff's other claims).

As alleged here, Zisk's claim under section 1132(a)(3) seeks remedies against LINA only. The remedies sought are distinct from the unpaid benefits alleged in connection with his claim against the Plan under section 1132(a)(1)(B).  (*Compare* FAC at ¶¶ 15-16 *with* ¶¶ 18-21.) Dismissal on these grounds is not warranted.

## C.    Availability of Equitable Surcharge Remedy Under Section 1132(a)(3)

Lastly, LINA argues that extracontractual monetary compensation or "equitable surcharge," as sought here by Zisk, is not available as a remedy for an alleged breach of fiduciary duty under section 1132(a)(3).  Specifically, LINA argues that the recent Ninth Circuit decision in *Gabriel v. Alaska Electrical Pension Fund,* 755 F.3d 647 (9th Cir. 2014), interpreting the Supreme Court's holding in *Amara*, precludes Zisk's equitable surcharge claim.  The Court finds that the state of the law in this area is unsettled as to the proper contours of an equitable surcharge remedy.

In *Amara*, the Supreme Court outlined three types of equitable remedies available under section 1132(a)(3): (1) reformation; (2) estoppel; and (3) surcharge; the latter of which Zisk seeks here.  *Amara,* 131 S. Ct. at 1879-80.  In discussing the surcharge remedy, *Amara* clarified that equitable relief for a breach of fiduciary duty can take the form of a money payment, noting that "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for

5

a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Amara*, 131 S. Ct. at 1880 (citing RESTATEMENT (THIRD) OF TRUSTS § 95, and Comment *a* (Tent. Draft No. 5, Mar. 2, 2009)). "Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'" *Id.* (citing *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 464 (1939) and RESTATEMENT (THIRD) OF TRUSTS § 95, and Comment *a*.)

Subsequent to *Amara*, the Ninth Circuit held that a trustee or fiduciary that breaches its duties could be liable to compensate an individual beneficiary in an amount that "will put the beneficiary *in the position he or she would have attained but for the trustee's breach*." *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012) (emphasis supplied). In order to be entitled to such relief, the beneficiary must show that it suffered a harm caused by the fiduciary's breach of duty. *Id.* In reviewing a grant of summary judgment in favor of a fiduciary, the Ninth Circuit in *Skinner* found no proof of a harm giving rise to a right to compensatory relief, since the claimants offered no evidence that they were injured due to a change in their positions or reliance on inaccurate plan documents. *Id.*

Most recently, the Ninth Circuit in *Gabriel* held that an equitable surcharge remedy is only available to make the trust whole, *not* to make an individual beneficiary whole for his losses. *Gabriel,* 755 F.3d at 659. The *Gabriel* court held that no surcharge remedy could be awarded except in cases of unjust enrichment of the fiduciary at the expense of the trust, or to recoup losses to the trust estate. *Id.* at 660.

As a preliminary matter, the *Gabriel* decision is not final, given that a petition for rehearing *en banc* is pending. Reliance on *Gabriel* as a basis to dismiss the complaint at its outset risks the improper preclusion, or at least significant delay in prosecution, of an otherwise viable claim for recovery of lost disability benefits. *See, e.g., Carver v. Lehman,* 558 F.3d 869, 879 & n.6 (9th Cir. 2009) ("No opinion of this circuit becomes final until the mandate issues," and reliance on a non-final decision is a "gamble"); *United States v. Ruiz,* 935 F.2d 1033 (9th Cir. 1991) (while petition for rehearing was pending, decision "was not yet fixed as settled Ninth Circuit law").

6

United States District Court
Northern District of California

Leaving aside the question of whether the Ninth Circuit will take up the *Gabriel* panel's opinion for review *en banc*, and what decision it might make if it does, this Court is left with the task of harmonizing the Ninth Circuit's holdings in *Skinner* and *Gabriel* with the Supreme Court's holdings in *Amara*.  The Supreme Court in *Amara* endorsed the surcharge remedy as one available under section 1132(a)(3) on the principle that equity courts traditionally ordered that the "trust *or beneficiary* [be] made whole following a trustee's breach of trust." *Amara*, 131 S. Ct. at 1881 (emphasis added).  "In such instances equity courts would 'mold the relief to protect the rights of the *beneficiary* according to the situation involved.'" *Id.* (*quoting* George Gleason Bogert, *et. al.*, THE LAW OF TRUSTS AND TRUSTEES § 861 at 4, emphasis added).  In *Skinner*, the Ninth Circuit rejected compensatory damages to the beneficiaries as a surcharge remedy because the beneficiary plaintiffs did not establish reliance, not because such a remedy was limited to liability to the trust. *Skinner*, 673 F.3d at 1167.  Indeed, the comments to the portion of the Restatement (Third) of Trusts cited by *Skinner* (and *Gabriel*) note that a fiduciary of the trust may be liable to "make the trust *and its beneficiaries* whole…" including an allocation of "some or all of the surcharged amount directly to one or more of the beneficiaries." RESTATEMENT (THIRD) OF TRUSTS § 100 (2012) at Comments *a* and *a(2)* (emphasis supplied)[3]; *cf. Skinner,* 673 F.3d at 1167; *Gabriel*, 755 F.3d at 660.

Four other circuits have held that *Amara* opens the door to monetary relief under a surcharge theory that will make a beneficiary whole for losses caused by a breach of fiduciary duty.  *See McCravy v. Metro. Life Ins. Co.,* 690 F.3d 176, 180-81 (4th Cir.2012) (plaintiff permitted to seek as surcharge the amount of life insurance proceeds lost because of breach under

---

[3]   This section reads:
> A trustee who commits a breach of trust is chargeable with
> (a) the amount required to restore the values of the trust estate *and trust distributions* to what they would have been if the portion of the trust affected by the breach had been properly administered; or
> (b) the amount of any benefit to the trustee personally as a result of the breach.

RESTATEMENT (THIRD) OF TRUSTS § 100 (emphasis supplied).  This language indicates that a trustee or fiduciary who has breached its duty must not only pay those monies necessary to restore what was taken from the trust estate, but must also pay those monies to necessary to put the beneficiaries of trust distributions in the position they would have had but for the breach.

1    section1132(a)(3), rather than being limited to premium refund under section 1132(a)(1)(B));

2    *Gearlds v Entergy Svc., Inc.,* 709 F.3d 448, 452 (5th Cir. 2013) (plaintiff could seek surcharge

3    relief to be "made whole in the form of compensation for lost benefits"); *Kenseth v. Dean Health*

4    *Plan, Inc.,* 722 F.3d 869, 883 (7th Cir. 2013) (plaintiff could seek "make-whole money damages

5    as an equitable remedy under section 1132(a)(3)" for losses caused by fiduciary's provision of

6    false coverage information" which led to a "stack of medical bills" from undergoing a procedure

7    not paid for by her insurance); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 725 (8th Cir. 2014)

8    (plaintiff could seek make whole relief in the form of payment of benefits owed under the plan as

9    remedy under section 1132(a)(3)).  The Fourth Circuit in *McCravy* addressed the propriety of an

10   equitable remedy where an insurance plan participant brought an action against the administrator

11   that denied her benefits.  *McCravy,* 690 F.3d 176, 180.  As the Fourth Circuit noted:

12   > …with *Amara*, the Supreme Court clarified that remedies beyond
13   > mere premium refunds—including the surcharge and equitable
     > estoppel remedies at issue here—are indeed available to ERISA
14   > plaintiffs suing fiduciaries under Section 1132(a)(3).  This makes
     > sense—otherwise, the stifled state of the law interpreting Section
15   > 1132(a)(3) would encourage abuse by fiduciaries.  Indeed,
     > fiduciaries would have every incentive to wrongfully accept
16   > premiums, even if they had no idea as to whether coverage
     > existed—or even if they affirmatively knew that it did not.  The
17   > biggest risk fiduciaries would face would be the return of their ill-
     > gotten gains, and even this risk would only materialize in the (likely
18   > small) subset of circumstances where plan participants actually
     > needed the benefits for which they had paid….With *Amara*, the
19   > Supreme Court has put these perverse incentives to rest and paved
     > the way for [plaintiffs] to seek a remedy beyond mere premium
20   > refund.

21   *McCravy,* 690 F.3d at 182-83.  The *McCravy* decision echoes the Supreme Court's earlier opinion

22   in *Varity*, which held that "ERISA's basic purposes favor a reading of the *third* subsection [section

23   1132(a)(3)] that provides the plaintiffs with a remedy… it is hard to imagine why Congress would

24   want to immunize breaches of fiduciary obligation that harm individuals by denying injured

25   beneficiaries a remedy."  *Varity,* 516 U.S. 489, 513.

26       Given the weight of the Supreme Court and other authority, and the uncertainty

27   surrounding the *Gabriel* decision, the Court is not prepared to grant dismissal of a section

28   1132(a)(3) claim at this stage.  Zisk has alleged harm as a consequence of breaches of fiduciary

8

duty by LINA.  He alleges LINA breached its fiduciary duties when it: (i) offered untrue reasons for terminating his benefits; (ii) failed to convey facts and circumstances regarding his benefit claims to him accurately and adequately; (iii) failed to investigate adequately; and (iv) made false representations in connection with its refusal to reinstate his benefits.  (FAC ¶¶ 7-12.)  Zisk alleges that he incurred consequential financial losses as a direct and proximate result of those breaches.  (FAC ¶¶ 18-20.)  The claim is not duplicative of his first claim against Gannett.  At the pleading stage, Zisk's allegations are sufficient to state a causal connection between the alleged breaches of fiduciary duty and the injuries he claims to have sustained.  In the absence of clear authority barring an equitable surcharge remedy under these circumstances, and in light of the Supreme Court and persuasive circuit court authority to the contrary, the Court will permit Zisk's claim for an equitable surcharge to remedy a breach of a fiduciary duty to proceed.  The Court does not reach the particulars of what may and may not be compensated through equitable surcharge, as that inquiry is not properly before the Court at this time.

Consequently, the motion to dismiss on these grounds is denied.

III.   **CONCLUSION**

Accordingly, the Motion to Dismiss is **DENIED**.  Defendant LINA shall file its answer to the second cause of action in Zisk's FAC no later than November 21, 2014.

This terminates Docket No. 19.

**IT IS SO ORDERED.**

Dated: November 6, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

9